**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CRIMINAL ACTION NO. 1:09CR-26-24-R**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                                                **O R D E R**

VICKIE SUE PASSMORE (24)                                                                 DEFENDANT

Defendant having no objection to the Report and Recommendation of Magistrate Judge E. Robert Goebel, the report is hereby accepted by the undersigned.

In order to comply with the Sentencing Reform Act,

**IT IS ORDERED**:

1. That the **Sentencing Hearing** in the above-styled action be, and they are hereby assigned for **June 6, 2011 at 12:30 p.m. in Bowling Green, Kentucky.**

2. That the defendant and defense counsel shall meet with the probation officer for an interview promptly, **and in no event later than ten (l0) days from the date of this order.** It shall be the responsibility of defense counsel to contact the probation officer to ascertain the time and place of the interview, unless defense counsel's attendance is waived.

3. **That not less than thirty-five (35) days prior to the date of the sentencing hearing,** the probation officer shall provide a copy of the presentence investigation report (PSR) to counsel for the parties. **Within fourteen (l4) days thereafter**, counsel shall submit, by letter, all objections to the PSR to the probation officer and opposing counsel. After receiving said objections, the probation officer shall conduct a meeting with counsel, investigate the matters of concern and, if warranted, revise the PSR accordingly.

4. **That not less than seven (7) days prior to the sentencing hearing,** the probation officer shall submit the PSR to the undersigned. The PSR shall be accompanied by an addendum setting forth all unresolved objections and the probation officer's comments in regard thereto. A copy of the revised PSR, together with the addendum, shall be mailed to counsel for the parties.

5. **That not less than ten (10) days prior to the sentencing hearing** the parties shall file in the record a memorandum brief in support of their respective positions on any unresolved objections to the PSR.

6. **No less than fourteen (14) days prior to the sentencing hearing,** each party shall file in the record a sentencing memorandum addressing unresolved objections, motions, or other relevant issues, discussing both the Sentencing Guidelines and the factors enumerated in 18 USC 3553. **No less than seven (7) days** prior to the sentencing hearing, each party shall file a response, if necessary. **The Probation Office shall also be served with all sentencing memoranda.**

7. With the exception of the matters set forth in the addendum, the revised PSR shall be accepted as accurate. The matters set forth in the addendum, together with such objections as could not have been raised earlier, shall be resolved at the sentencing hearing. In resolving the disputed issues of fact, all reliable information shall be considered.

8. The time set forth in this order may be modified by the court for good cause shown, except that the thirty-five (35) day period provided for disclosure of the PSR pursuant to Fed.R.Crim.P.32(b)(6)(A) may be diminished only with the defendant's consent.

9. That nothing in this order requires disclosure of any matter exempt therefrom by virtue of Fed.R.Crim.P.32(c)(3)(A).

10. That the PSR will be deemed disclosed:

a) When the report is physically delivered to counsel;

b) One day after the report's availability is orally communicated to counsel or

c) Three days after notice of its availability is mailed to counsel, or the date of availability reflected in the notice, whichever is later.

11. The disclosure of the PSR to the defendant shall be the responsibility of the defendant's counsel.

12. That the probation officer not disclose the probation officer's recommendation, if any, on the sentence.

cc:    Counsel of Record/AUSA
        U. S. Probation
        U.S. Marshal